By the court.
Waties, J.
I am sorry for the necessity which obliges me to decide on the important questions now submitted-to *8 the court, without an opportunity for more deliberate consideration-. In my judgment, however, which has been hastily formed, during the present discussion, with respect to the first objection, there does not appear to be any absolute necessity, by the general rules oflUw, that the conviction of the principal should bé recited in thfe indictment against an accessary; for tho conviction makes no part of the crime. The proof of the conviction of the principal is not sufficient evidence of the crime as tó the accessary; and it may be controverted as to the principal, in order to exculpa fe the accessary„• Therefore, it is only matter of evidence ; and whatever is but evidence, need not be laid in the indictment. The reason why it may be necessary to set forth in an indictment against an accessary the previous conviction of the principal, is fó guard against the mischief of several indictments for the same offence. But there can be no such danger here'.
Falconer and Johnson, for the prisoners."Mr. Solicitor Dray-ton, for the State.
As to the other objection, I am of opinion the-doctrine contended for, by. the prisoners’ counsel, is not well founded, but pfégnant with dangerous consequences to society, 1 do not agree with the proposition, that a negro slave is not contemplated by our law as a person entitled to social rights. Negroes are under the protection of the laws, and have personal rights,-and cannot be considered on a footing only with domestic animals. They hatlo wills of their own — capacities to commit crimes ; and aro responsible for offences against society : and in a case lately determined in Charleston, it was decided in the case of a riot, where two white men, only, were concerned, together with one négro, that a negro was a person sufficient to satisfy the legal definition of a riot.-
So the objections were overruled.